UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DANTEA COOPER,

Plaintiff,

v.

DEPUTY CARLOS ARCE HURTADO and COUNTY OF SAN DIEGO,

Defendants.

Case No.: 26-cv-4923-LL-GC

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

On August 27, 2026, Plaintiff Dantea Cooper, a former state prisoner proceeding pro se, filed a Complaint under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff failed to pay the civil filing fee but instead filed two motions to proceed *in forma pauperis* ("IFP"). (ECF Nos. 2-3.) On October 8, 2026, the Court denied Plaintiff's IFP motions and dismissed this action without prejudice for failure to satisfy the filing fee requirement. (ECF No. 4.) Plaintiff has now filed a renewed IFP motion. (ECF No. 6.)

## I. IFP Motion

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405, which includes a $350 statutory fee and an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee

Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed in forma pauperis. *Id.* An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds*, 506 U.S. 194 (1993).

In service of his IFP application, Petitioner has adequately demonstrated under penalty of perjury that he is unable to afford to pay the filing fee. (*See* ECF No. 6 at 1-6.) Accordingly, Plaintiff's IFP motion is **GRANTED**.

## II. Screening Pursuant to 28 U.S.C. § 1915(e)(2)

### A. Standard of Review

Because Plaintiff is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2). The Court must *sua sponte* dismiss an IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

/ / /

**B. Allegations in the Complaint**

Plaintiff alleges that on August 24, 2026, Defendant San Diego County Sheriff's Deputy Hurtado denied him his right of access to the courts "by refusing to release BWC of an unlawful seizure." (ECF No. 1 at 2.) He alleges Defendant County of San Diego "has an historical pattern of blocking access to information that plaintiff's need to petition the courts making them liable under Monell." (*Id.*)

**C. Discussion**

Inmates have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). In order to state an access to courts claim, Plaintiff must allege facts showing actual injury, that is, "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. He must allege the loss of a "non-frivolous" or "arguable" underlying claim, and the nature and description of the underlying claim must be set forth in his Complaint "as if it were being independently pursued." *Christopher v. Harbury*, 536 U.S. 403, 413-14, 417 (2002).

Plaintiff has provided no factual allegations in the Complaint which plausibly allege a non-frivolous or arguable claim was lost or impeded and has therefore failed to state an access to courts claim. *Id.* Rather, he presents vague and conclusory allegations which are insufficient to state a 42 U.S.C. § 1983 claim. *See Iqbal,* 556 U.S. at 678 (a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," as the "mere possibility of misconduct" falls short of the plausibility standard.)

**D. Leave to Amend**

In light of his pro se status, the Court grants Plaintiff leave to amend his Complaint in order to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## III. Conclusion and Orders

Accordingly, good cause appearing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 6).

2) **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: November 17, 2026

Honorable Linda Lopez
United States District Judge